IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 22, 2002

## TONY MAKOKA v. HOWARD COOK, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 00-3870-III     Ellen Hobbs Lyle, Chancellor**

_____

**No. M2001-01013-COA-R3-CV - Filed December 5, 2002**

_____

WILLIAM C. KOCH, JR., J., concurring.

Tony Makoka filed this pro se lawsuit based on his belief that the Tennessee Department of Correction had improperly determined that he was ineligible for parole consideration by misclassifying him following his conviction for two disciplinary infractions. He requested the trial court to order the Department to correct the misclassification, to certify him as eligible for a parole hearing, and for punitive damages from each of the four individually named defendants. The trial court entered an order dismissing Mr. Makoka's complaint on April 18, 2001. Following the trial court's decision, Mr. Makoka apparently met with the Tennessee Board of Paroles and was released to the custody of the United States government. He is currently being held at the Federal Detention Center at Oakedale, Louisiana.

The fact that Mr. Makoka is no longer in the custody of the Department renders all of this appeal, except for his claim for damages, moot. *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994). With regard to Mr. Makoka's claim for damages, I concur with the trial court's conclusion that his practically indecipherable complaint fails to state a claim upon which relief can be granted under 42 U.S.C.A. § 1985(3) (West 1994).[1]

_____

WILLIAM C. KOCH, JR., JUDGE

_____

[1] To state a civil claim for conspiracy to violate civil rights, a plaintiff must allege four elements:   (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *United Brotherhood of Carpenters and Joiners of America, Local 610, AFL- CIO v. Scott,* 463 U.S. 825, 828-29, 103 S.Ct. 3352, 3356, 77 L.Ed.2d 1049 (1983); *Riddle v. Egensperger*, 266 F.3d 542, 549 (6th Cir. 2001).